## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:12CR00022-6 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ANTOINETTE L. HODGE,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Antoinette L. Hodge, Pro Se Defendant.*

The defendant, Antoinette L. Hodge, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss, and the time allotted for Hodge's response had ended, making the matter ripe for disposition. After reviewing the record, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.

## I.

Hodge and 17 codefendants were charged in a multi-count Superseding Indictment. Count five charged Hodge with conspiracy to distribute and possess with the intent to distribute Ectasy, oxycodone, 280 grams or more of cocaine base, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C §§ 846, 841(b)(1)(A) and 841(b)(1)(C). Hodge filed a motion for a psychiatric

examination and, following a hearing on the motion, Hodge was ordered to undergo an examination for competency to stand trial and sanity at the time of the offense. (ECF No. 239.) Following the completion of a psychiatric evaluation performed by the Bureau of Prisons, on August 13, 2013, the court found Hodge mentally competent to stand trial. (ECF No. 349.)

On October 2, 2013, Hodge pleaded guilty without the benefit of a plea agreement to count five of the Superseding Indictment. At the guilty plea hearing, I asked Hodge about her mental and emotional condition, and she replied that she was doing "great," taking her medication, and seeing her doctor regularly. (Guilty Plea Hr'g Tr. 4-5, ECF No. 561.) Hodge also affirmed that she had an adequate opportunity to discuss with counsel the charge against her and her case in general. (*Id.* at 7-8.) Hodge further affirmed that she was "fully satisfied with [her] attorney's representation." (*Id.* at 12.) The court informed Hodge that she faced a mandatory minimum sentence of 10 years and a maximum penalty of life imprisonment and Hodge affirmed her understanding that her sentence may be different from any estimate that her counsel may have provided. (*Id.* at 13-15.) Hodge further affirmed that she was "pleading guilty because [she was], in fact, guilty." (*Id.* at 18.) I found that Hodge was fully competent and capable of entering an informed plea and that her plea of guilty was knowing and voluntary. (*Id.* at 20.)

At the sentencing hearing, the court accepted the Presentence Investigation Report ("PSR") without objection.  The PSR recommended a total offense level of 33 and a criminal history category of III, resulting in a guideline imprisonment range of 168 to 210 months.  (PSR 26, ECF No. 517.)  I sentenced Hodge to 168 months' imprisonment, which was later reduced to 135 months pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 632.)  Hodge filed a Notice of Appeal on January 14, 2014.  However, Hodge thereafter moved to voluntarily dismiss the appeal and on August 20, 2014, the United States Court of Appeals for the Fourth Circuit entered an order dismissing the appeal.  (ECF No. 578.)

In her § 2255 motion, Hodge alleges that counsel provided ineffective assistance by: (1) failing to move to sever her case; (2) advising her to plead guilty without the benefit of a plea agreement; (3) failing to conduct an adequate investigation; and (4) failing to argue mental incapacity as a defense.  Hodge also alleges that there was insufficient evidence to find her guilty and her sentence was too severe compared to the sentences of her codefendants.  I find that Hodge's Motion to Vacate fails and will be dismissed.

## II.

To establish a claim of ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668,

671 (1984).[1]  The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness.  *Id*. at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance.  *Id*. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.

Hodge's claims of ineffective assistance of counsel do not show both the deficient performance and resulting prejudice required by *Strickland.*  Hodge's

---

[1] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong.  *Id.* at 697.

claims of ineffective assistance are also directly contradicted by her affirmation under oath during her Rule 11 colloquy that she was satisfied with counsel's representation. Absent extraordinary circumstances not present here, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). (internal quotation marks omitted). Accordingly, these claims will be dismissed.

## A. Motion to Sever.

Hodge claims that counsel provided ineffective assistance by failing to move to sever her case from the cases of her codefendants. Hodge argues that counsel should have separated her as "an individual separate from the 'enterprise.'" (Mot. to Vacate 4, ECF No. 606.)

Federal Rule of Criminal Procedure 8(b) provides, in part, as follows:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.

A defendant may request severance pursuant to Federal Rule of Criminal Procedure 14(a), which provides that, "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the

defendants' trials." However, Rule 14 severance should be granted only in those rare cases where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," not simply where severance provides the defendant with a better chance of acquittal. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see also United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (holding that the defendant seeking severance must make a "strong showing of prejudice").

Hodge fails to present any grounds on which a motion to sever would have been successful. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (holding that the Sixth Amendment does not require counsel to raise a meritless argument). Hodge has not shown any error by the United States in charging her in a Superseding Indictment along with her coconspirators. Moreover, Hodge pleaded guilty, and as no trial occurred, counsel had no reason to file a motion to sever. Accordingly, Hodge has not shown that counsel provided ineffective assistance under *Strickland,* and this claim will be dismissed.

## B. Guilty Plea.

Hodge claims that counsel provided ineffective assistance by advising her to plead guilty without the benefit of a plea agreement and by failing to "discuss the pros and cons of proceeding to a jury trial." (Mot. to Vacate 14, ECF No. 606.)

Beyond her unsupported assertion that a "[plea] agreement would have certainly been more beneficial for the Judge's consideration and computation of sanction," (*Id.*)  Hodge provides no evidence that she was prejudiced by the lack of a plea agreement.  Nor does she claim that counsel failed to communicate a plea offer from the United States.[2]  *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (holding that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the government to his client).

Hodge's claim that counsel did not adequately discuss her option of proceeding to a jury trial is directly contradicted by her statements at the Rule 11 hearing that she had had an adequate opportunity to discuss the charges against her and her case in general with counsel and that she was fully satisfied with her counsel's representation.   (Guilty Plea Hr'g Tr. 7-8, 12, ECF No. 561.); s*ee*

---

[2]   The United States attached to its Motion to Dismiss a plea offer that it asserts was provided to Hodge's counsel on January 10, 2013.  The United States indicated that the drug weight stipulation set out in the plea offer matched the drug weight stipulation determined in the PSR and agreed to at sentencing.  The plea offer also contained an agreement by the United States to recommend a sentence within the guidelines range, which the United States did at sentencing.  Hodge does not claim that counsel failed to communicate the plea offer.  Further, Hodge does not claim that she would have accepted this plea offer and has not shown that accepting the plea offer would have resulted in a better outcome.  *See Frye,* 132 S. Ct. at 1409 (to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel and that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.").

*Lemaster*, 403 F.3d at 221.   Further, Hodge cannot show prejudice because I advised her at the Rule 11 hearing that by pleading guilty she gave up her right to a trial by jury, including all the associated rights, such as the right to obtain evidence on her behalf and compel the attendance of witnesses to testify.  (Guilty Plea Hr'g Tr. 16-17, ECF No. 561.)   Accordingly, Hodge has not shown ineffective assistance of counsel, and these claims will be dismissed.

## C. Investigation.

Hodge claims that counsel did not conduct an adequate investigation and provides a disjointed list of counsel's failures, including the failure to subpoena potential witnesses, communicate effectively, and "require the authentication of text messages allegedly from [her] cell phone."  (Mot. to Vacate 14, ECF No. 606.) However, Hodge does not identify what counsel would have discovered that would have changed the outcome of her case.  *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing).  Further, Hodge has not shown any prejudice from counsel's purported failures.  Accordingly, Hodge has failed to show ineffective assistance of counsel under *Strickland*, and this claim will be dismissed.

D. Mental Incapacity.

Hodge asserts that counsel provided ineffective assistance by failing to raise the defense of mental incapacity.  However, Hodge fails to show that such a defense had a reasonable probability of success.  *See Sharpe*, 593 F.3d at 383. Indeed, due to Hodge's history of mental illness, counsel filed a motion for a psychiatric examination.  However, following the completion of a psychiatric evaluation performed by the Bureau of Prisons, the court found Hodge mentally competent to stand trial.  (ECF No. 349.)  Accordingly, Hodge has failed to show that counsel provided ineffective assistance, and this claim will be dismissed.

III.

Hodge also claims that there was insufficient evidence to find her guilty and that her sentence was too severe compared to the sentences of her codefendants. The United States asserts that these claims are procedurally barred from review because Hodge failed to raise them on direct appeal.  A collateral attack under § 2255 may not substitute for an appeal.  Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates actual innocence.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  Attorney error can serve as cause for default, but only if it amounts to a violation of the defendant's constitutional right to effective assistance

of counsel.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  However, Hodge has not shown cause and prejudice or actual innocence.

Moreover, these claims fail on the merits.  First, Hodge has not shown that the evidence was insufficient to support her finding of guilt.  At the Rule 11 hearing, Hodge specifically affirmed that she was "pleading guilty because [she was], in fact, guilty."  (Guilty Plea Hr'g Tr. 18, ECF No. 561.)  Second, Hodge has not shown that her sentence was unconstitutionally disparate from her codefendants or unjust.   "[I]t is well settled that codefendants and even coconspirators may be sentenced differently for the same offense."  *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005).  "A criminal sentence violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis."  *Id.* at 234; *see also United States v. Ellis*, 975 F.2d 1061, 1065-66 (4th Cir. 1992) (recognizing that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of codefendants) (*cert. denied*, 507 U.S. 945 (1993)).  In addition, the court specifically considered Hodge's criminal history, her role in the conspiracy, and the codefendants' sentences when imposing her sentence.  (Sentencing Hr'g Tr. 10-13, ECF No. 562).  Accordingly, these claims will be dismissed.

IV.

For the foregoing reasons, I grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.  A separate Final Order will be entered herewith.

DATED:  October 15, 2015

/s/  James P. Jones
United States District Judge